Conviction for murder. On appeal, three objections were urged: First, That the verdict was rendered on the Sabbath day. Second, That the record did not show that a plea of not guilty was en *117 tered. Third, That an additional instruction was given to the jury in the absence of the prisoner. The additional instruction was: “In arriving at a conclusion on this point, the jury must take into consideration all the facts and circumstances proven in the case.”
First. Verdict on the Sabbath.
Held, That a jury may properly be allowed to render their verdict on the Sabbath and be discharged thereon when they are compelled to consider the case on that day. When ready to deliver their verdict on the Sabbath, it is more in keeping with the character of the day to allow them to do so and separate, than to keep them confined until the following day.
Second. Record of plea in criminal case.
It is not a fatal defect that a record does not set forth a plea of not guilty, if it does show that issue was joined and a fair and impartial trial was had.
Third. Although an accused is entitled to be present at every step of a trial, and at the giving or amending of instructions, yet where it is manifest that no substantial rights could have been prejudiced by an instruction given in the absence of the prisoner, the court of appeals will not reverse for that harmless error.